IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02485-RM-MJW

ARTHUR R. WATSON,

Plaintiff,

v.

ROBERT MCDONALD, Secretary, Department of Veteran Affairs,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (DOCKET NO. 18)**

---

**Michael J. Watanabe
United States Magistrate Judge**

This case is before this Court pursuant to an Order of Reference to Magistrate Judge issued by Judge Raymond P. Moore on October 4, 2016. (Docket No. 4.) Now before the Court is Defendant Robert McDonald's Motion to Dismiss. (Docket No. 18.) The Court has carefully considered the motion, Plaintiff's response (Docket No. 28), and Defendant's reply. (Docket No. 29.) The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## I. BACKGROUND

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff has been employed for 17 years at the Eastern Colorado Health Care System at the Veterans Administration Medical Center. He was

working as a Senior Supply Tech in the Total Supply Support department when the events giving rise to this lawsuit took place. He alleges that he was discriminated against because of his race, color, sex, and age.

Plaintiff's Complaint (Docket No. 1) consists of five documents: (1) his appeal of the Department of Veterans Affairs' ("VA") final agency decision dismissing his equal employment Opportunity ("EEO") complaint (*id*. at 5-9); (2) a letter from co-worker Michael Hunt that supports Plaintiff's allegations (*id*. at 10-13); (3) Plaintiff's request for reconsideration of the Equal Employment Opportunity Commission's ("EEOC") denial of his appeal (*id*. at 16-19); and (5) the EEOC's denial of the request for reconsideration (*id*. at 20-22).

Plaintiff's May 28, 2015 EEO complaint (Docket No. 18-1) revolves around an incident that occurred on February 20, 2015. [1] Plaintiff alleges that his immediate supervisor, Todd Archuleta, told Plaintiff he was not moving fast enough and that he was acting like a "sissy." (Docket No. 18-1 at 3.) Plaintiff and Archuleta went and spoke with the department supervisor, Darlene Snowball, where the "incident escalated." (*Id.*) Plaintiff was granted permission to leave early that day, but afterwards, he was

---

[1] Defendant attached Plaintiff's formal EEO complaint to his Motion to Dismiss (Docket No. 18-1). As explained below, the Court may consider matters outside the pleadings when deciding whether it has subject matter jurisdiction without transforming the motion into one for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Moreover, while the Court ordinarily would not consider any evidence beyond the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents referred to in the Complaint that are central to Plaintiff's claim and are of undisputed authenticity. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997)("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss."). Plaintiff's EEO complaint falls within these exceptions.

"subjected to a very hostile work environment and fear for my safety both physically and mentally." (*Id.*)

Plaintiff's complaint for unlawful discrimination was dismissed on July 24, 2015. (Docket No. 1 at 16.) Plaintiff appealed this decision (*id.* at 5), and his appeal documented other incidents of discrimination he and other black employees endured. Specifically, Plaintiff alleged that only black employees were assigned to work in the "Breakdown Room," where hospital supplies were broken down and shelved. (*Id.* at 6.) This work was arduous and the assignment was understaffed, so Plaintiff had to work through lunches and breaks. (*Id.* at 6.) Snowball, Plaintiff's supervisor, used assignment to the Breakdown Room to punish staff, and Plaintiff did not appreciate her style of micro-management. (*Id.*) Plaintiff was always being told to move faster, and other employees began to treat him disrespectfully. (*Id.* at 8.)

Plaintiff's appeal was denied on February 3, 2016. (*Id.* at 18.) Plaintiff's request for reconsideration documented still other incidents of harassment. (*Id.* at 14-15.) In the decision denying this request, the EEOC noted that "[i]n his request, [Plaintiff] reiterates his arguments he previously made and raises the matters [sic] that are not related to the alleged incident." (*Id.* at 20.) Plaintiff then filed this lawsuit.

## II. STANDARDS OF REVIEW

### *a.* Pro Se Plaintiff

Plaintiff is proceeding pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A

4

court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### c. Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

In deciding this motion, the only evidence the Court has relied upon outside of the Complaint are documents subject to judicial notice and those that have been referred to in Plaintiff's Complaint.

### III. ANALYSIS

Defendant argues that the Plaintiff has only exhausted administrative remedies over the claims contained in his EEO complaint. Therefore, the Court lacks subject-matter jurisdiction over any other claims contained in Plaintiff's Complaint and these

7

claims must be dismissed. Defendant further contends that the claims that have been administratively exhausted fail state a claim under Rule 12(b)(6). The Court will address each argument in turn.

**a. Administrative Exhaustion and Subject-Matter Jurisdiction**

In order to bring a claim under Title VII, Plaintiff must exhaust his administrative remedies as to each claim of discrimination. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII). The two purposes behind the exhaustion requirement are "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, [effectuating the] goal of securing voluntary compliance." *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208, 1210–11 (10th Cir. 2003). The Court must determine the scope of the allegations raised in the EEOC charge because "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007). While courts liberally construe EEOC charges, *see MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005), the charge "must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that "each discrete incident" of alleged discrimination or retaliation "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted". *Jones*, 502 F.3d at 1186 (quoting *Martinez,* 347 F.3d at 1210).

Here, the "discrete incident" that forms the basis of Plaintiff's EEO complaint, which is only one paragraph long, is the confrontation between Plaintiff and Archuleta on February 20, 2015, and Snowball's failure to take corrective action regarding the incident. The EEOC considered only this event when upholding the dismissal of Plaintiff's complaint (*see* Docket No. 1 at 16), and disregarded other "matters that are not related to the alleged incidents" when it denied Plaintiff's request for reconsideration. (*Id.* at 20.) Plaintiff failed to exhaust his administrative remedies as to any claims that do not arise from this incident, such as Plaintiff's failure to promote claim and his allegations regarding his assignment to the Breakdown Room. Accordingly, the Court lacks subject matter jurisdiction any such claims, and they must be dismissed without prejudice.

**b. Plaintiff's Administratively Exhausted Claims for Relief**

Turning to the remaining claims before the Court, Defendant argues that Plaintiff fails to establish that the February 20, 2015 incident plausibly states a claim for disparate treatment or hostile work environment. The Court agrees.

Under Title VII, it is "'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting 42 U.S.C. § 2000e–2(a)(1)). Individual employment discrimination claims are typically analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Orr v. City of Albuquerque*, 531 F.3d 1210, 1214 (10th Cir. 2008).

Under the *McDonnell Douglas* framework, the initial burden is on a plaintiff to establish a prima facie case of discrimination. A plaintiff is not, however, required to meet this burden to survive a Rule 12(b)(6) motion. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (prima facie case functions as "an evidentiary standard, not a pleading requirement"); see also *Twombly*, 550 U.S. at 569-70 (discussing this portion of *Swierkiewicz* and emphasizing that it remains good law). The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). *See also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims.").

### 1. Disparate Treatment

Under the *McDonnell Douglas* test, a prima facie case of discrimination requires that (1) Plaintiff belong to a protected class; (2) he suffered adverse employment action; and (3) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See E.E.O.C. v. PVNF*, LLC, 487 F.3d 790, 800 (10th Cir. 2007). *See also Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) ("[P]laintiff's articulation of his prima facie case may vary depending on the nature of the claim," however, "[t]he critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.").

Plaintiff is African American, which satisfies the first element. However, Plaintiff does not plausibly state that he suffered any adverse employment actions. Adverse actions, for the purposes of a discrimination claim, are limited to "acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir.2006) (citation omitted). Plaintiff has not demonstrated how the altercation with Archuleta, and Snowball's subsequent failure to intervene or properly supervise, resulted in a tangible change in Plaintiff's employment status.

Given that Plaintiff does not allege that he suffered an adverse employment action, he necessarily fails to meet the third prong's requirement that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. But even if Archuleta and Snowball's actions on February 20, 2015 somehow constituted an adverse action, Plaintiff fails to plausibly allege that his race, sex, or age had anything to do with the incident. Archuleta's words may have been offensive, but they do not give rise to a inference that they were motivated by any discriminatory intent. As to Snowball, while Plaintiff's later filings with the EEOC and his Complaint are replete with accusations that she treated black employees differently, the discrete event at issue here does demonstrate any racial animus on her part.

For these reasons, Plaintiff has failed to demonstrate a claim for disparate treatment.

### 2. Hostile Work Environment

To state a Title VII hostile work environment claim, Plaintiff must show that "the

workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *MacKenzie*, 414 F.3d at 1280 (internal quotation omitted). "A plaintiff cannot . . . demonstrat[e] a few isolated incidents of racial enmity or sporadic racial slurs." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005). "Instead, there must be a steady barrage of opprobrious racial comments." *Id.* Moreover, "Title VII does not establish a general civility code for the workplace. Accordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Morris v. City of Colo. Springs*, 666 F.3d 654, 663–64 (10th Cir. 2012) (internal quotes and citations omitted).

Here, Plaintiff has failed to allege any facts that show that he was under a "steady barrage of opprobrious racial comments" required to state a hostile work environment claim. *See Chavez*, 397 F.3d at 832. Because the Court's jurisdiction is limited to Plaintiff's claims relating to the isolated February 15, 2015 incident, Plaintiff does not even allege that any of his co-workers or supervisors made any opprobrious racial comments whatsoever, much less that he was continuously subjected to them. To the extent that the alleged hostility was directed at Plaintiff's sex and age, the pleadings are similarly devoid of plausible allegations. Because Plaintiff alleges no facts to support his contention that he was subjected to a hostile work environment, Defendant's motion to dismiss Plaintiff's hostile work environment claim should be granted.

## IV. RECOMMENDATION

Based upon the foregoing, it is hereby **RECOMMENDED** that

- Defendant's Motion to Dismiss (Docket No. 18) be **GRANTED**; and

- Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITH PREJUDICE** as to all claims arising out of the February 20, 2015 incident, and **DISMISSED WITHOUT PREJUDICE** as to any claims that are unrelated to the February 20, 2015 incident and therefore have not been administratively exhausted.

- 
**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

BY THE COURT

Date: August 24, 2017
     Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge